FILED 04 APR '24 13:33 USDC-ORP

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:24-cr-00142-MO |
| v. | **INDICTMENT** |
| **BABAK MOGHADAS,** | **18 U.S.C. §§ 1343, 1028A** |
| **Defendant.** | **Forfeiture Allegation** |

**THE GRAND JURY CHARGES:**

**INTRODUCTORY ALLEGATIONS**

At all times relevant to this Indictment:

1. **BABAK MOGHADAS ("MOGHADAS")** was a resident of Wilsonville, Oregon.

2. The Social Security Administration ("SSA") is an agency of the executive branch of the United States Government. The Commission of the SSA is charged with, among other things, the power to assign a nine-digit social security number to each citizen of the United States and each non-citizen authorized to work in the United States who applies for a social security number ("SSN").

3. Defendant **MOGHADAS** was born in Iran on or around September 6, 1967.

4. The Commissioner of the SSA assigned **MOGHADAS** a SSN ending in 9253 in 1982.

**Indictment** **Page 1**

5. "Victim 1" was an individual who was born in the United States on or around January 23, 1961. The Commissioner of the SSA assigned Victim 1 a SSN ending in 1082.

6. "Dealer 1" is an automobile dealership located in Beaverton, Oregon.

7. "Dealer 2" is an automobile dealership located in Gresham, Oregon.

## COUNTS 1-2
### (Wire Fraud)
### (18 U.S.C. § 1343)

8. All prior paragraphs of this Indictment are incorporated herein.

## THE SCHEME

9. From not later than December 2019, and continuing through at least February 2020, in the District of Oregon and elsewhere, defendant **MOGHADAS** knowingly and intentionally devised and intended to devise a material scheme to defraud automobile dealerships and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions of material facts.

10. Specifically, **MOGHADAS** defrauded automobile dealerships by using fraudulently obtained personal identifying information belonging to Victim 1 to attempt to purchase vehicles.

## MANNER AND MEANS

It was part of the scheme that:

## DEALER 1

11. On or about December 8, 2019, **MOGHADAS** used Victim 1's personal identifying information, including Victim 1's name, date of birth, and social security number, to enter contract number 18775 with Dealer 1 to purchase an automobile in Victim 1's name for $48,760 in cash.

**Indictment**                                                                                         **Page 2**

12. To complete contract number 18775 with Dealer 1, **MOGHADAS** repeatedly forged Victim 1's signature.

13. To complete contract number 18775 with Dealer 1, **MOGHADAS** provided Dealer 1 with a fraudulent Oregon Driver's License that had Victim 1's name and date of birth and **MOGHADAS'** picture and address.

14. Based on defendant's fraudulent misrepresentations, Dealer 1 processed the fraudulent documents through Dealertrack, an automotive dealer data management system.

15. Dealer 1 transmitted the fraudulent documents from Oregon to Dealertrack's servers in New Jersey via interstate wire.

16. Based on defendant's fraudulent misrepresentations, Dealer 1 completed contract number 18775 and sold **MOGHADAS** a vehicle. **MOGHADAS** took possession of the vehicle on or about December 8, 2019.

**DEALER 2**

17. On or about February 28, 2020, **MOGHADAS**, used Victim 1's personal identifying information, including Victim 1's name, date of birth, and social security number, to submit a credit application to Dealer 2 to purchase an automobile in Victim 1's name for $38,754.24.

18. **MOGHADAS** submitted the credit application from Washington to Dealer 2's servers in California.

19. To complete the credit application, **MOGHADAS** provided Dealer 2 a fraudulent Oregon Driver's License that had Victim 1's name and date of birth and **MOGHADAS'** picture and address.

/ / /

20. The credit application was rejected because **MOGHADAS** was arrested by Gresham Police Department when he arrived at Dealer 2 to pick up the car.

**WIRE FRAUD**

21. On or about the dates below, in the District of Oregon and elsewhere, **BABAK MOGHADAS**, for the purpose of executing the scheme to defraud above, caused to be transmitted by means of wire communication in interstate commerce:

| Count | Date | Description |
| --- | --- | --- |
| 1 | December 8, 2019 | Deal documents from Oregon to New Jersey to enter contract 18775 with Dealer 1 to purchase a car |
| 2 | February 28, 2020 | Credit application from Washington to California to attempt to purchase a car from Dealer 2 |

All in violation of 18 U.S.C. § 1343.

### COUNTS 3-4
**(Aggravated Identity Theft)**
**(18 U.S.C. § 1028A)**

22. All prior paragraphs of this Indictment are incorporated herein.

23. On or about the dates below, in the District of Oregon and elsewhere, **BABAK MOGHADAS**, did unlawfully, knowingly, and intentionally transfer, possess, and use, without lawful authority, a means of identification of another, knowing that the means of identification belonged to a real person, during and in relation to Wire Fraud:

| Count | Date | Means of Identification | Felony Violation |
| --- | --- | --- | --- |
| 3 | December 8, 2019 | Adult Victim 1's name, date of birth, signature, and social security number | Count 1 |
| 4 | February 28, 2020 | Adult Victim 1's name, date of birth, and social security number | Count 2 |

All in violation of 18 U.S.C. § 1028A.

/ / /

/ / /

**Indictment** **Page 4**

## FIRST FORFEITURE ALLEGATION

24.     Upon conviction of the wire fraud offense alleged in Counts 1 or 2 of this Indictment, defendant shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, including but not limited to a money judgment for a sum of money equal to the amount of property involved in or derived from that offense.

25.     If the above-described forfeitable property, as a result of any act or omission of defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

Dated: April 4, 2024

A TRUE BILL.

OFFICIATING FOREPERSON

Presented by:

NATALIE WIGHT
United States Attorney

MEREDITH D.M. BATEMAN, OSB #192273
Assistant United States Attorney

**Indictment**                                                      **Page 5**