SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**MEREDITH D.M. BATEMAN, OSB #192273**
Assistant United States Attorney
Meredith.Bateman@usdoj.gov
**BRYAN CHINWUBA, ILB #6323733**
Assistant United States Attorney
Bryan.Chinwuba@usdoj.gov
1000 S.W. Third Avenue, Suite 600
Portland, OR   97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | **3:24-cr-00142-MO** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **BABAK MOGHADAS**, | |
| **Defendant.** | |

The United States of America, by Scott E. Bradford, United States Attorney for the District of Oregon, and through Assistant United States Attorneys Meredith D.M. Bateman and Bryan Chinwuba, hereby submits its memorandum setting forth the government's position on sentencing. The Court has set this matter for sentencing on April 1, 2026.

The parties jointly recommend a sentence on the low-end of the Guideline range, as determined by the Court at sentencing. Defendant pled guilty to wire fraud, which includes a maximum term of imprisonment of 20 years, a five-year period of supervised release and a

condition to pay restitution to all victims of his offense. Pursuant to USSG § 2B1.1(a)(1), Defendant's base offense level is seven. Because defendant's conduct had intended losses between $250,000 and $550,000, defendant's offense level is increased by twelve. The USAO recommends a three-level reduction, pursuant to USSG § 3E1.1, for defendant's acceptance of responsibility. The parties agree that the term should run concurrently with defendant's sentences in Washington County cases 20CR02760 and 22CR07792, so long as defendant dismisses any pending appeals in those cases. Pursuant to USSG § 5G1.3(b), the parties further agree that defendant's federal sentence should be adjusted downward to account for time defendant has served in Oregon state custody from September 7, 2022, to August 1, 2024, and from October 21, 2024, until April 1, 2026, on the above-named cases.

Although the government agrees with the Probation Office's determination that a two-level enhancement under USSG § 2B1.1(b)(11)(C)(i) is applicable based on defendant's use of his victims' means of identification to commit wire fraud, this enhancement was not an agreed upon or a contemplated addition to defendant's Guideline calculations.

### GUIDELINES APPLICATION – WIRE FRAUD

Base Offense Level, Count 1 (USSG § 2B1.1(a)(1))...................................7
Intended Losses of More Than $250,000 but less than $550,000 (USSG § 2B1.1(b)(1)(G))...............................................................................6
Adjustment for Acceptance of Responsibility (§ 3E1.1(a))....................... -3
Total Offense Level ...............................................................................16
Defendant's Criminal History.....................................................................V

Guideline Range: 41-51

**Government's Sentencing Memorandum**                                    **Page  2**

The foregoing Guideline calculation yields an advisory sentencing range of 41 to 51 months' imprisonment.  The maximum sentence for wire fraud is a term of imprisonment not exceeding twenty years. 18 U.S.C. § 1343.

Pursuant to the terms of the Rule 11(c)(1)(C) plea agreement, the government recommends defendant be sentenced on the low-end of the Guideline range, with a downward adjustment to account for the 42 months and 10 days defendant has served in Oregon state custody on related matters (Washington County cases 20CR02760 and 22CR07792):

**Reflecting the Seriousness of the Offense, Affording Deterrence, and Protecting the Public.**

From at least November 2018 until at least April 2020, defendant engaged in a scheme to fraudulently purchase vehicles In Oregon, Illinois, and Washington. Defendant carried out his scheme using the stolen identities of his victims. In doing so, defendant purchased or attempted to purchase twelve vehicles totaling almost $470,000. Notably, defendant's fraudulent conduct continued unabated even after his January 2020 arrest for identity theft, forgery, and possession of a stolen vehicle.

At 58 years of age at the time of sentencing, this is not defendant's first foray in fraud or general criminal activity. Defendant's criminal history is replete with offenses ranging from identity theft to burglary and drug offenses. Defendant's seemingly habitual criminal conduct demonstrates his disregard for the law, and this Court's need to mete out a sentence that holds defendant accountable, protects the community, and demonstrates the harm caused to victims of identity theft. Defendant's PSR cites his previous struggles with substance abuse and mental health, and it appears that without the Court's continued intervention and monitoring, defendant's

struggles might well continue to manifest in criminal behavior. Because defendant has accepted responsibility, the government recommends a sentence on the low-end of the Guideline range to run concurrently with defendant's state sentences.

**CONCLUSION**

For the foregoing reasons and pursuant to the parties' joint plea agreement, the government recommends the imposition of a term of imprisonment on the low-end of the Guideline range to be served concurrently with defendant's sentences in Oregon state.

DATED this 25th day of March 2026.

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

/s/ *Meredith D.M. Bateman*
MEREDITH D.M. BATEMAN, OSB #192273
Assistant United States Attorney

/s/ *Bryan Chinwuba*
BRYAN CHINWUBA, ILB #6323733
Assistant United States Attorney

**Government's Sentencing Memorandum**                    **Page  4**