Elizabeth G. Daily, OSB #111758
Assistant Federal Public Defender
Email: Liz_Daily@fd.org
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>BABAK MOGHADAS,<br><br>        Defendant. | Case No. 3:24-cr-00142-MO-1<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

Babak Moghadas will appear before this Court on April 1, 2026, to enter a guilty plea and be sentenced for one count of wire fraud, in violation of 18 U.S.C. § 1343. Because he already received a lengthy 90-month state sentence for related crimes, the parties agree that a concurrent, low-end guideline sentence with an adjustment to credit the 43 months he has already served in state custody is appropriate.

There is a two-level discrepancy between the guidelines calculated in the presentence report and the guidelines the parties agreed to in the plea agreement. The parties agreed to a guideline range of 41 to 51 months at offense level 16 and criminal history category V. With an adjustment to credit time in state custody, a low-end sentence would be time served.

Page 1 Defendant's Sentencing Memorandum

The PSR recommends a range of 51 to 63 months at offense level 18 and criminal history category V. Granting the same adjustment to credit time in state custody, the Probation Office recommends a low-end sentence of eight months.

The two-level difference in the PSR's guideline calculation is based on an enhancement for using a means of identification "to produce or obtain any other means of identification." U.S.S.G. § 2B1.1(b)(11)(C)(i). That provision should not be applied. It is the government's burden to prove the facts supporting a guideline enhancement, which it has not done here.

Regardless of how the Court determines the guideline range, a low-end sentence with an adjustment for time in state custody to effect concurrency will serve the 18 U.S.C. § 3553(a) factors. Between late 2018 and early 2020, Mr. Moghadas engaged in a prolific spree of purchasing or attempting to purchase cars using two stolen identities and other false pretenses. However, he has already spent most of the last four years in state custody for that scheme, which resulted in multiple charges in state and federal court, and he is not scheduled to be released until October 2028. Federal sentencing standards support a fully concurrent sentence for the discrete portions of the scheme charged federally so that the "fortuity of two separate prosecutions" will not "grossly increase a defendant's sentence." *United States v. Witte*, 515 U.S. 389, 405 (1995); *see also* U.S.S.G. § 5G1.3(b). Moreover, Mr. Moghadas presents with a unique history of trauma as a refugee from the Iranian revolution. His criminal history has been fueled by his addiction to methamphetamine, but he has shown exceptional post-offense rehabilitation both in state custody and when he was temporarily released in 2024. The resources of federal supervision will help ensure that he maintains that positive trajectory going forward.

For those reasons, Mr. Moghadas respectfully requests that the Court impose a low-end sentence with an adjustment to credit his time in state custody to effect concurrency. If the Court agrees with the parties' guideline calculations, that would result in a sentence of time served.

Dated: March 25, 2026.

s/ Elizabeth G. Daily
Elizabeth G. Daily, OSB #111758